UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Geralyn M. Minke,                                Civ. No. 09-3494 (PAM/JJG)

             Plaintiff,

v.                                      **MEMORANDUM AND ORDER**

Michael J. Astrue, Commissioner
of Social Security,

             Defendant.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham dated October 1, 2010. In the R&R, Magistrate Judge Graham recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff Geralyn Minke alleges that several car accidents in the 1990s have rendered her unable to work full time. She submitted an application for disability insurance benefits on March 1, 2006, alleging a disability onset date of September 11, 2004. Her date last

insured was June 30, 2005.

After Minke's applications were denied initially and on reconsideration, she requested a hearing before an administrative law judge ("ALJ"). This hearing was held on November 12, 2008. On January 23, 2009, the ALJ issued an decision, determining that Minke was not disabled during the insured period. The Appeals Council denied her request for a hearing, and Minke then initiated the instant matter with this Court, seeking review of the ALJ's decision under 42 U.S.C. § 405(g).

Minke raises two objections to the R&R. First, she contends that the ALJ and the Magistrate Judge misconstrued the timeframes referenced in her treating physicians' records and opinions. Second, she argues that the ALJ erred by rejecting her claim "on the sole basis that [her] subjective symptoms were not sufficiently supported by objective evidence." (Obj. at 1.)

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

## A. Timeframe in the Medical Records

Minke contends that the ALJ and Magistrate Judge misconstrued the timeframe in the various medical records she provided. She argues that this misconstruction led the ALJ to determine that she was not disabled before June 30, 2005. In support of this argument, she points to the letters her physicians wrote, apparently in support of her application for disability insurance in 2006. These letters, according to Minke, opine that, during the entire span of her treatment relationship with the authoring physicians, she was disabled. But this is not what the letters say. Rather, the letters are clear that, at the time of the writing in 2006, the physicians considered Minke totally disabled. They do not address whether Minke was disabled on or before June 30, 2005, which is the only relevant period for the purposes of the ALJ's and this Court's review.

Even if the letters had purported to state an opinion regarding Minke's alleged disability prior to June 30, 2005, however, the ALJ would have been obligated to give little weight to those letters. First, the letters are not contemporaneous treatment notes, and thus are likely not entitled to the controlling weight that such treatment notes are generally afforded. See Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (discussing factors to consider in giving treating physician's opinion "controlling weight"). Moreover, the contemporaneous treatment notes show, without a doubt, that during the time period in question Minke was not in fact disabled. As Magistrate Judge Graham noted, Minke's medical records from the relevant time period establish that she was doing well and was able

to work.

In her Objection, Minke relies on a letter from her general practitioner, Dr. Rosemarie Delorey. However, Dr. Delorey's contemporaneous treatment notes do not support Minke's argument. For example, Dr. Delorey wrote after Minke's annual physical examination in November 2005, nearly 5 months after the expiration of Minke's insured status, that Minke was student teaching and "just loves it" and that she had just finished college. (Tr. at 260.) The physician noted specifically that Minke was "[a]lert [and] in no apparent distress." (Id.)

Minke also relies on the 2006 opinion letter from Minke's dentist, Dr. Terrence J. Spahl, for her claim that she was disabled prior to the expiration of her insured status in 2005. Dr. Spahl's contemporaneous treatment notes, however, establish that Minke was doing well and was not experiencing any severe pain. Minke reported in July 2005 that her pain was gone with a new type of dental appliance called a "FACT," and in November 2005 the treatment notes reflect that Minke was "80% better." (Id. at 366.)

As Magistrate Judge Graham determined, the treatment notes from the relevant time period do not establish that Minke was disabled. Rather, they show that Minke's condition markedly worsened after her insured status expired.

Both the ALJ's and the Magistrate Judge's determination regarding the relevant time period of the treating physicians' opinions are correct. Minke's objection on this point fails.

4

## B. Subjective Symptoms

Minke next contends that her claim was rejected solely because the ALJ and Magistrate Judge did not properly credit her subjective reports of pain. The ALJ may "not reject [Plaintiff's] statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [her] statements." 20 C.F.R. § 404.1529(c)(2).

It is clear that the ALJ considered both objective and subjective factors in concluding that Minke was not disabled during the relevant time period. As noted, none of the contemporaneous treatment notes indicate that Minke suffered disabling pain on or before her date last insured, June 30, 2005. Indeed, the objective evidence in the record refuted her claim of disability prior to June 30, 2005. It may be that Minke now suffers pain so severe that she cannot work. The ALJ was not faced with determining whether, on the date of the hearing, Minke was disabled. Rather, he was faced with the unenviable task of determining whether, three years prior to the hearing, Minke was disabled. The Court cannot say that the ALJ erred in his evaluation of Plaintiff's subjective symptoms based on all of the evidence in the record.

**CONCLUSION**

Plaintiff has not established that the R&R's conclusions are incorrect. Accordingly,

**IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 14) is **ADOPTED**;

2. Defendant's Motion for Summary Judgment (Docket No. 9) is **GRANTED**;

3. Plaintiff's Motion for Summary Judgment (Docket No. 7) is **DENIED**; and

4. This matter is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   November 3, 2010

                                                      *s/Paul A. Magnuson*
                                                     Paul A. Magnuson
                                                     United States District Court Judge